The document below is hereby signed.

Signed: October 17, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
ONYINYE LAPREA A. JIDEANI,         )   Case No. 13-00096
                                   )   (Chapter 7)
              Debtor.              )
_____)
                                   )
ONYINYE LAPREA A. JIDEANI,         )
                                   )
              Plaintiff,           )
                                   )
      v.                           )   Adversary Proceeding No.
                                   )   13-10033
D.C. MOTOR VEHICLE,                )
                                   )   Not for publication in
              Defendant.           )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE DISMISSAL OF ADVERSARY PROCEEDING

The debtor's complaint in this adversary proceeding seeks a determination that traffic fines owing to the District of Columbia are dischargeable.  She alleges:

> These fines, accumulated in 2012, Debtor believe were forged and falsified as part of the victimization "on her behalf" by the Government (see complaint in docket entry No. 32).  Based on the Debtor's current income and expenses, the Debtor cannot maintain a minimal living standard and repay the alleged fines owed.

The reference to "Docket entry No. 32" is to a filing in the main bankruptcy case which includes a copy of an amended complaint, in

proceedings in the district court, regarding the debtor's claims of employment discrimination and retaliation by her employer, Washington Metropolitan Area Transit Authority ("WMATA").

The debtor's inability to pay the fines is not a basis for declaring the fines dischargeable.  Her claim that the fines "were forged and falsified" is also not a basis for declaring the fines dischargeable.[1]

Accordingly, the court will dismiss this adversary proceeding.  An order follows.

[Signed and dated above.]

Copies to: Debtor; Office of the District of Columbia Attorney General.

---

[1] The claim that the fines were forged and falsified seems to be premised on the speculation that because WMATA was out to get her, any fines imposed against her must have been at the behest of WMATA.  That type of speculation would not be an adequate basis for alleging that the fines were forged and falsified.  If the debtor has some sound basis for asserting that the fines were forged and falsified, she can raise that assertion as a defense to paying the fines in a nonbankruptcy forum.

There is no reason at this juncture to address the validity of the fines for purposes of this bankruptcy case.  At this juncture (when the trustee currently lacks any assets to distribute), the claim has no impact on the administration of the bankruptcy case.  The District of Columbia has not filed a proof of claim for the fines.  Accordingly, the validity of the fines is not at issue in the bankruptcy case at this juncture.  Moreover, even if the District of Columbia filed a proof of claim for the fines, the allowance of the claim *as a claim in the bankruptcy case* might have no adverse impact on the debtor, with the consequence that she would lack standing to object to the claim.